# THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| *In re:* | Case No. 17-33494 |
| Larry Song, | Hon. Timothy A. Barnes |
| *Debtor.* | Chapter 7 |

### NOTICE OF RULE 2004 SUBPOENA

**PLEASE TAKE NOTICE** that pursuant to the Court's order dated February 27, 2018 (Dkt. no. 30), the undersigned counsel has cause to be issued the rule 2004 subpoena attached hereto, which subpoena will, following this notice, be served on Larry Song, for the production of documents (as requested on the rider attachment to such subpoena) on Thursday, **June 7, 2018 at 10:00 a.m.** at the address indicated on such subpoena.

Respectfully submitted,

CIFCO Group Co., Ltd.

Dated: May 29, 2015

By: */s/ Matthew Oberlin*
　　　One of its attorneys

Mark Senak <msenak@skgsmlaw.com>
Matthew Oberlin <Moberlin@skgsmlaw.com>
Senak Keegan Gleason Smith & Michaud, Ltd.
566 West Adams Street, Suite 750
Chicago, IL  60661
312-214-1400

## CERTIFICATE OF SERVICE

Matthew J. Oberlin, an attorney, hereby certifies that he caused a true copy of the foregoing Notice of Subpoena, to be served by the means listed below on this 29th day of May, 2018.

/s/      Matthew J. Oberlin

# Mailing Information for Case 17-33494

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case, through the PACER system:

| Kathryn A Klein | iln@riezmanberger.com |
|---|---|
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Mark N Senak | msenak@skgsmlaw.com, sestelle@skgsmlaw.com; moberlin@skgsmlaw.com |
| David M Siegel | davidsiegelbk@gmail.com, davidmsiegel@hotmail.com; R41057@notify.bestcase.com; johnellmannlaw@gmail.com |
| Catherine L. Steege, ESQ | csteege@jenner.com, csteege@ecf.epiqsystems.com |

### Certified Mail Notice

The following attorney for Larry Song has also been sent notice via Certified Mail:

Ryan McCready
David M. Siegel & Associates, LLC
790 Chaddick Drive
Wheeling, IL 60090

# SENAK KEEGAN GLEASON SMITH & MICHAUD, LTD.

566 WEST ADAMS STREET
SUITE 750
CHICAGO, ILLINOIS 60661
312-214-1400 telephone
312-214-1401 facsimile
www.skgsmlaw.com

MATTHEW J. OBERLIN
(312) 214-1400

May 29, 2018

Larry Ziyan Song
405 Beverly Drive
Wilmette, IL 60091

**Re:    Song Bankruptcy, Case No. 17-33494**

Dear Mr. Song,

Please find enclosed a subpoena and rider for the production of documents pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. All documents shall be sent to 566 W. Adams Street, #750, Chicago, IL 60661 by the date identified in the subpoena. This subpoena is for the production of documents only.

Very truly yours,

**SENAK KEEGAN GLEASON
SMITH & MICHAUD, LTD.**

Matthew J. Oberlin

MJO/ml

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Northern__ District of __Illinois, Eastern Division__

In re __Larry Song__                          Case No. ___17-33494___
_____Debtor_____

                                              Chapter ___7___

## SUBPOENA FOR RULE 2004 EXAMINATION

To: __Larry Song__

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| 566 W. Adams Street, #750 Chicago, IL 60661 | 06/07/18        10:00 am |

The examination will be recorded by this method: There will be no oral testimony pursuant to this subpoena, only the production of records

■ *Production:* You, or your representatives, must ~~also bring with you to the examination~~ *Send to the address above* the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

*See Attached Rider*

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __5/29/2018__

            CLERK OF COURT

                                              OR        *Matthew Oberlin*
_____                   _____
Signature of Clerk or Deputy Clerk                   *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__CIFCO_____, who issues or requests this subpoena, are:
Matthew Oberlin, 566 W. Adams Street, #750, Chicago IL 60661, Moberlin@skgmslaw.com, (312) 214-1400

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

*In re Larry Song,* Case No. 17-33494

Rider for Subpoena Issued to Larry Song

Please provide the following documents:

1. All income tax returns for Larry Song and MKS Capital and for any entity or company which Larry Song owned or controlled from 2012 to present.
2. All information related to bank, brokerage, or investment statements which reflect any accounts which were owned, in whole or in part, by Larry Song or any company or entity which he has owned or controlled from 2012 to present.
3. All loan agreements made between Larry Song and any other entity including, but not limited to, agreements and contracts with banks, family members, and friends.
4. All letters, correspondence, and emails between Larry Song and any other person from 2012 to present.
5. All documents that identify or relate to any property owned by Larry Song and any entity or company which he owns or controls.
6. All documents that identify or relate to any income, revenue, or payments received by or due to Larry Song or any entity or company which he owns or controls from 2012 to present.
7. All statements related to any credit arrangement or credit agreement involving Larry Song, his spouse, or any other family member including statements for any line of credit, credit account, or credit card.
8. Any documents which identify, reflect, or relate to any debt owed by Larry Song from 2012 to present date, including any debt instrument (promissory note, check, IOU, or draft, lien instrument, security interest statement, or demand correspondence.
9. Any document which reflects any debt owed by Larry Song or any entity or company which he owns or controls.